UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Lynda H. Young and Lawrence
C. Young</u>

  v.          Civil No. 12-cv-59-JL

<u>CitiMortgage, Inc.</u>

**SUMMARY ORDER**

  Defendant CitiMortgage, Inc. has moved for partial judgment on the pleadings on Count 1 of the First Amended Complaint.  That count seeks a declaratory judgment that CitiMortgage improperly commenced foreclosure proceedings against plaintiffs Lynda and Lawrence Young, and is premised on two theories: first, that CitiMortgage was not the "present holder" of the Youngs' mortgage at the time it began the foreclosure process; and second, that CitiMortgage did not comply with the guidelines of the Home Affordable Modification Program ("HAMP") before beginning that process.  CitiMortgage argues that it did, in fact, hold the Youngs' mortgage at the time it commenced foreclosure and that there is no private right of action under the HAMP guidelines.  For exactly those reasons, the court grants the motion.

  In support of its motion, CitiMortgage has submitted:

- a letter to the Youngs, dated June 21, 2010, in which Harmon Law Offices informed the Youngs that CitiMortgage retained it to foreclose on their mortgage, and apprised them of their right to reinstate the mortgage;

- a notarized assignment of the mortgage to CitiMortgage dated December 17, 2010; and

- a notice of mortgage foreclosure sale, dated January 6, 2011, which identifies CitiMortgage as "the present holder of said mortgage."

The Youngs do not dispute the authenticity of these materials, to which they refer in their complaint. The court may therefore consider them in ruling on CitiMortgage's motion. See Simmons v. Galvin, 575 F.3d 24, 30 n.5 (1st Cir. 2009). The assignment establishes that as of January 6, 2011, the date CitiMortgage sent the Youngs notice of the foreclosure sale--thereby commencing the foreclosure process, see N.H. Rev. Stat. Ann. § 479:25, I-II--it did in fact hold their mortgage. It may not have held the Youngs' mortgage at the time it initially retained Harmon Law Offices, but nothing in the foreclosure statute prohibits a party from preëmptively retaining foreclosure counsel, and informing the mortgagor of its intention to foreclose, in anticipation of its future receipt of the mortgage (so long as it does not actually begin the foreclosure process until it is assigned the mortgage). See id.

As for plaintiffs' alternative theory of relief, "it is well established that there is no private right of action under HAMP." L'Esperance v. HSBC Consumer Lending, Inc., 2012 DNH 104, 12 (citing cases); cf. also Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 127-28 (D.N.H. 2012) (rejecting proposition that borrowers were intended third-party beneficiaries of HAMP Servicer

Participation Agreements). CitiMortgage's motion for partial judgment on the pleadings (document no. 14) is accordingly granted.

**SO ORDERED.**

_____
Joseph N. Laplante
Chief Judge

August 28, 2012

cc: Allen James Lucas, Esq.
John A. Houlihan, Esq.
Joshua William Gardner, Esq.